UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v().    Case No: 2:13-cv-553-FtM-38DNF

ANIABELLE CUETO,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. #11), filed on November 21, 2013. Although given the opportunity, Defendant failed to respond to the motion. The following facts are undisputed and are, therefore, the established facts in this case.

### Statement of Facts

Defendant Aniabelle Cueto executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. (Exh. B., Doc. #11, at 8; Exh. A., Doc. #11, at 7). This loan was made pursuant to the William D. Ford Federal Direct Loan Program and authorized under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a et seq. (34 C.F.R. Part 685). (Exh. A., Doc. #11, at 7).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

On July 24, 1996, a $3,456.06 loan was disbursed to Defendant at a variable rate of interest to be established annually. (Exh. A., Doc. #11, at 7).[2] Defendant defaulted on this loan obligation despite a demand from the U.S. Department of Education. (Exh. A., Doc. #11, at 7).

Thereafter, pursuant to the default and 34 C.F.R. § 685.202(b), $27.64 of unpaid interest was capitalized and added to the principal balance. (Exh. A., Doc. #11, at 7). As of February 28, 2008, Defendant owed $4,373.26 ($2,835.08 in principal and $1,538.18 in interest) on the loan. (Exh. A., Doc. #11, at 7). This amount reflects $1,411.56 in payments credited to the balance of the loan as well. (Exh. A., Doc. #11, at 7).

On July 28, 2013, Plaintiff filed a Complaint seeking a judgment in line with the defaulted loan. (Doc. #1). Defendant answered this Complaint on October 31, 2013. (Doc. #8). In this Answer, Defendant denied that she owed a debt to Plaintiff with the assertion that Plaintiff cannot prove she owed a debt. (Doc. #8).

**Standard of Review**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.

---

[2] In actuality, interest accrued on the principal loan at a rate of 8.02 percent and a daily rate of $0.62 through June 30, 2008, and thereafter at such rate as the U.S. Department of Education established pursuant to Section 455(b) of the Higher education Act of 1965, as amended, 20 U.S.C. § 1087e. (Exh. A., Doc. #11, at 7).

2

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)).  Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992). In other words, "[i]f a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## Discussion

Plaintiff has established a *prima facie* case by showing the existence of the promissory note signed by Defendant, as well as the Certificate of Indebtedness. (Exh.

A., Doc. #11, at 7; Exh. B, Doc. #11, at 8). See United States v. Bilal, No. 8:06-cv-190-T-17MSS, 2007 WL 2827511, at *2 (M.D. Fla. Sept. 26, 2007). Accordingly, the burden now shifts to Defendant. Id. To prevail on this motion, Defendant must now "prove the nonexistence or extinguishment of the debts or a variance in the payment of the obligation." Id. (citing United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975)). Although Defendant has not responded to this motion for summary judgment, Defendant affirmatively defends in the Answer that Plaintiff cannot prove Defendant incurred the subject debt because Defendant was not enrolled in an educational institution in 1996. (Doc. #8). Plaintiff negates this assertion by providing ample documentation to show the loan existed and Defendant failed to satisfy the loan payment requirements. Defendant provides no proper evidence or argument to negate the nonexistence or extinguishment of the debts. As a matter of law, Plaintiff is entitled to the judgment against Defendant for $4,373.26 ($2,835.08 in principal and $1,538.18 in unpaid interest, as of February 28, 2008).

The Court is aware that more interest has accrued on this loan since February 28, 2008, however Plaintiff has not shown at what rate. According to the Certificate of Indebtedness, interest accrued on the principal at the rate of 8.02 percent[3] and a daily rate of $.62 through June 30, 2008, and thereafter at a rate determined by the Department of Education. (Exh. A., Doc. #11, at 7). Also, it is unclear based on the evidence presented at what rate the interest accrued after the June 30, 2008 date. Plaintiff contends Defendant, as of November 6, 2013, owes $2,835.08 in principal and $2,831.49 at the variable rate of 8.02% in interest. Plaintiff supports this contention by citing to the

---

[3] The evidence does not clearly show whether this interest accrues annually.

Promissory Note. The Court finds this references to the Promissory Note to be insufficient because some of the language within the Promissory Note is illegible and some of the language in the Promissory Note has been omitted from the record (e.g. the interest provision). (Exh. B., Doc. #11, at 8). Accordingly, it is not clear as a matter of law what Defendant owes Plaintiff after February 28, 2008.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Summary Judgment and Memorandum of Law (Doc. #11) is **GRANTED in part** and **DENIED in part**. Summary judgment is GRANTED as to the issue of liability; Defendant owes Plaintiff for defaulting on her 1996 consolidation loan. Summary judgment is DENIED in all other respects.

(2) The Court will reserve issuing an order with regard to the amount Defendant owes Plaintiff to permit time for the Parties to supplement the record. The Court is satisfied that Defendant owes Plaintiff $4,373.26 as of February 28, 2008. The Court is not clear as to what Defendant owes Plaintiff thereafter.

(3) Plaintiff may file a motion and supplement the record in light of the amount Defendant owes Plaintiff **after February 28, 2008**, no later than **January 7, 2014**. Defendant may file a response only as to the issue of what Defendant owes Plaintiff after February 28, 2008, no later than **January 17, 2014**.

(4) Any claim for costs and expenses, including attorney's fees must be filed in a separate motion pursuant to Local Rule 4.18.

(5) The Parties are directed to file exhibits as separate attachments to a motion going forward.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of December, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record