**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No:   2:13-cv-553-FtM-38DNF**

**ANIABELLE CUETO,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on Plaintiff, United States of America ("United States)'s Motion for Prevailing Party Attorney Fees and Costs (Doc. 21) filed on January 28, 2014.  No response to the Motion was filed.

The United States is requesting that the Court award it attorney's fees in the amount of $1,360.00 and costs in that amount of $110.00 for service and travel per 28 U.S.C. §1921.  The United States alleges that pursuant to the Promissory Note attached as Exhibit A to the Motion, the Defendant, Aniabelle Cueto is obligated to pay the collection costs including attorney's fees and court costs.  The Promissory Note provides in part, "[i]f I fail to make payments on this promissory Note when due, I will also pay collection costs including attorney's fees and court costs." (See, Exhibit A to Doc. 21). The United States also asserts that pursuant to 20 U.S.C. §1091a(b)(1), a borrower who has defaulted on a loan is responsible for paying "reasonable collection costs."   20 U.S.C. § 1091a(b)(1).

In the instant case, on December 26, 2013, the District Court entered an Order (Doc. 15) granting in part and denying in part Plaintiff's Motion for Summary Judgment (Doc. 11).  The

Court determined that summary judgment was appropriate as to the issue of liability however, denied the motion regarding the amount of damages, requiring the parties to file a supplement as to the amount owed on the debt.  The United States filed a Memorandum (Doc. 17) on January 2, 2014.  The Plaintiff failed to file any documents. The District Court entered an Order (Doc. 19) on January 22, 2014, which directed the Clerk to enter Judgment for the United States and against the Defendant in the amount of $4,994.57.   The United States is the prevailing party in this action.

The Court finds that pursuant to the Promissory Note and 20 U.S.C. § 1910a(b)(1), the United States is entitled to reasonable attorney's fees and costs in this matter.  Counsel for the United States is requesting an hourly rate of $200.00 per hour, and has expended 6.8 hours in this matter for a total request of $1,360.00.   To determine the amount of attorney fees, the court must determine the reasonable number of hours expended on the litigation and multiply that amount by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   The party requesting the fee should submit documentation in support of the request.  *Id*.   If the documentation in support of the request is inadequate, the court may reduce the award accordingly.  *Id*.   The burden is on the applicant for the fee award to establish an entitlement to the award of fees and the documentation of the appropriate hours, however, a court may determine the award from its own experience if there is a lack of documentation.  *Id*. at 437, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).    Adjustments to these fees must then be made as necessary in a particular case.  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).   The court must exclude hours that were not reasonably expended, and hours that are redundant, excessive, or otherwise unnecessary.  *Hensley v. Eckerhart*, 461 U.S. at 434.   Even when a plaintiff prevails, a court must consider whether the attorney's time was reasonably expended, and if not, the time should be excluded for the fee calculation.  *See, Id.*

First, the court must ascertain the hourly rate for the attorney's representation. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Norman,* 836 F.2d at 1299.  The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates.  *Id*.

Second, the court must determine the reasonable hours expended by counsel.  *Duckworth*, 97 F.3d at 1397.   The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel.  *Id*. (citing *Norman*, 836 F.2d at 1301).  A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims.  *Id*. (citing *Norman*, 836 F.2d at 1301-2). The district court has discretion in determining the amount of attorney's fees to be awarded.  *Natco Ltd. Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001).

Counsel is requesting an hourly rate of $200.00 per hour.  According to the Motion for Prevailing Party Attorney Fees and Costs (Doc. 21), attorney Steven M. Davis has practiced law since 1991. Based upon the prevailing rates in this area and the Court's own experience, the Court determines that the rates in the Fort Myers area for this type of case fall within the $200.00 per hour range.  After careful review of the filings in this case and taking into consideration Mr. Davis' experience, the Court determines that Mr. Davis is entitled to an hourly rate of $200.00.

The Court must next determine whether the Plaintiff's fee request is reasonable in terms of the total number of hours expended by counsel.   Mr. Davis expended 6.8 hours in this case.   This case is a simple straightforward case of the failure to pay on a student loan. There was no novelty or difficulty in the issues raised and no extraordinary legal skill was required, nor did this case

preclude counsel from handling other cases.   The Court determines that 6.8 hours is reasonable in this case.

The United States is also requesting costs in the amount of $110.00 pursuant to 28 U.S.C. § 1921. Section 1921 allows for the taxing of costs for service by the United States Marshals or Deputy Marshals. 28 U.S.C. § 1921. In this case, although United States provides in the Motion that there are invoices and expenses for service and travel totaling $110.00, the United States failed to attach any invoices for these costs to the Motion for Prevailing Party Attorney Fees and Costs. The Court is unable to determine how the amount of $110.00 was incurred. Therefore, the Court is unable to verify the amount of costs and recommends that no costs be awarded.

**IT IS RESPECTFULLY RECOMMEDED:**

The Motion for Prevailing Party Attorney Fees and Costs (Doc. 21) be **GRANTED** to the extent that attorney's fees in the amount of $1,360.00 be awarded to the United States and against Aniabelle Cueto; and be **DENIED** as to the taxation of costs in the amount of $110.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on February 20, 2014.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties